UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. BOULB,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVE WELBY,<br>ROBERT PALMER<br><br>    Defendants. | Case No. 23-cr-00757-JPG |

## **MEMORANDUM AND ORDER**

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff Brian K. Boulb ("Boulb" or "Plaintiff"), proceeding *pro se* and presently incarcerated at Marion USP, requests leave to proceed *in forma pauperis*. The Court will grant that motion as Boulb is a prisoner and has sufficiently shown he is indigent. Therefore, the case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

Boulb's complaint alleges that in February 2012, his panel attorney Steve Welby in his

underlying criminal case violated his Sixth Amendment right and denied him effective assistance of counsel (Doc. 2 at 6). Additionally, Boulb alleges that his appellate attorney Robert Palmer violated his Sixth Amendment right and denied him effective assistance of counsel. *Id*. Plaintiff's current complaint is filed pursuant to 42 U.S.C. § 1983 and requests damages. The Court finds that Plaintiff's complaint is frivolous.

In a Memorandum and Order by Judge McGlynn on January 18, 2022 (Case No. 21-cv-01435), the Court screened a complaint by Boulb under 42 U.S.C. § 1983 against Defendants Steve Welby and Robert Palmer, the same defendants in this case. In that case, Boulb argued that his trial counsel and appellate counsel were ineffective in their representation of Boulb in his trial and direct appeal. The Court dismissed Plaintiff's complaint *with* prejudice. Judge McGlynn held that under § 1983, both Welby and Palmer as public defenders appointed to represent a criminal defendant, do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Because his claim is improper under § 1983, Judge McGlynn dismissed his claim with prejudice for failure to state a claim of action.

As stated in that Order, Boulb's claims for ineffective assistance of counsel are properly brought forth under a motion to vacate, set aside, or correct sentence by a person in federal custody 28 U.S.C. § 2255. However, Boulb has sought habeas relief multiple times. Those have been denied as improper successive petitions under § 2255. To challenge the validity of his trial and conviction, Boulb must present his request to the federal courts by means of a petition for writ of habeas corpus and not a civil case under § 1983. The exact issue with the same defendants has already been decided and dismissed with prejudice. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir.1995) (holding if the parties are the same, the issues are the same, and there has been a final adjudication of the claim, the parties are precluded from further litigation in federal court).

For the foregoing reasons, the Court **GRANTS** Boulb's motion to proceed IFP (Doc. 4). Additionally, pursuant to 28 U.S.C. § 1915A(b)(2), the Court **DISMISSES** this Complaint with prejudice.

**IT IS SO ORDERED.**
**Dated: April 19, 2023**

                                                **/s/  J. Phil Gilbert**
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**